# Bain v. Withey & Ottman.

### Action of Assumpsit on Promissory Notes.

1. *Expressions of opinion do not amount to false representations.*—The statement of the vendor of a patented article or right, to the vendee, that it "is a valuable and useful improvement" is but the expression of an opinion on which the purchaser has no right to rely, especially when the patented improvement is constructed and put on exhibition and the purchaser examines it for himself.

2. *Evidence; burden of proof as to false representations.*—Where defendant is sued on promissory notes given by him for the price of a patented improvement and he pleads that plaintiff falsely and fraudulently represented that it was "valuable and useful" and that they were possessed of the right to said patent, and issue is joined on such plea, the burden is on the defendant to sustain the plea with proof.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the appellees, Withey & Ottman, against the appellant, Geo. W. Bain, on promissory notes, executed by the defendant to the plaintiffs. In the third special plea, the defendant set up the defense that the notes sued on were without consideration in that the plaintiffs represented to the defendant that they were the owners of a valuable patent right, and that they would sell and convey the same to him, authorizing him to make, sell and lease the right to use said patent in certain counties, and further represented that said patent was a useful and beneficial invention; that said plaintiffs fraudulently concealed from the de-

[Bain v. Withey & Ottman.]

fendant that said patent was useless and worthless, while, in fact, said patent was of no value, and that on the discovery of such, and within a reasonable time thereafter, the defendant offered to rescind said contract, and this the plaintiffs refused to do. In the fifth special plea, the defendant alleged that the notes sued on were given without any consideration, in that the plaintiffs falsely and fraudulently represented to the defendant that they were possessed of the right to a certain patent of an improvement in fences, and that such patent was valuable and useful; that said notes were given to the plaintiffs for the conveyance by them of the right to sell said patent in a certain described territory on said representation made by the plaintiffs; "that the defendant not knowing or being advised of the uselessness of said patent, or said pretended improvement in fences, but relying on the representations of said plaintiffs, made and executed his said notes sued on, while in truth and in fact the said plaintiffs did not own and possess the patent right to the territory so named, and the said patent right and improvements were, in fact, worthless and useless." The plaintiffs demurred to the third special plea, on the grounds, first, it fails to show that the defendant did not know the patent was, in fact, worthless; second, that it does not allege that the notes sued on were executed in consideration of the representations set out in said plea; and, third, that the plea sets up no defense to the action. This demurrer was sustained, and the defendants duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiffs, gave the general affirmative charge in their behalf, and to the giving of said charge the defendant duly excepted.

There was judgment for the plaintiffs, and the defendant appeals, and assigns as error, among other rulings of the trial court, the sustaining of the demurrer to the third plea, and the giving of the general affirmative charge for the plaintiffs.

LUSK & BELL, for the appellant.—Where two parties contract together and one misrepresents a material fact, on which the other has a right to rely, and on which he does, in fact, rely, this is a fraud and furnishes the par-

[Bain v. Withey & Ottman.]

ty so injured cause of action or defense. 1 Brick. Dig.
p. 395, paragraph 251; *Taylor v. Peters*, 74 Ala. 90; *Nelson v. Wood*, 62 Ala. 175.

To entitle him to a recision it is not necessary for defendant to have returned the supposed grant of the alleged patent right. It was worthless. 1 Brick. Dig.
395, paragraph 253. The alleged license granted by appellees, to the appellant, was absolutely worthless, as
shown fully by the evidence set out in the bill of exceptions.—*Turnbull v. Weir Plow Co.*, 14 Fed. Rep. 108.
Under the pleadings in the case, it devolved on the
plaintiffs to show to the reasonable satisfaction of the
jury, that the fence which they proposed to authorize
built had been patented.—*Johnson v. Alabama Gas and
Fuel Co.*, 90 Ala. 505.

The vendee of a patent right may rescind contract of
purchase for fraud, and an effort on his part to sell the
same does not forfeit such right.—*Pierce v. Wilson*, 34
Ala. 596.

COLEMAN, J.—The plaintiffs in the court below,
Withey & Ottman, sued the defendant upon his promissory notes, the consideration of which was the purchase of the right to sell a patented fence in the counties of Cherokee, DeKalb, and a designated portion of
Jackson county. The defendant filed several special
pleas, setting up fraud and misrepresentation as a defense to the action. After the evidence had closed the
court, at the written request of the plaintiffs, instructed
the jury to find the issue in their favor.

Neither of the pleas set up a statement or representation as having been made by plaintiffs, as to the stability or durability of the fence, or its adaptability as a barrier to hogs, or to the cost of construction, or any fact
characteristic of a fence made after the patent. The
language of the plea in this respect is, that plaintiffs
representeed it "as a valuable and useful improvement,"
but unaccompanied by the statement of any fact which
rendered it "valuable and useful." An expression of
this character, made with reference to a patented improvement, standing by itself, not emphasizing a material fact, can be but the expression of an opinion, upon
which a purchaser has no right to rely; and this is especially true when the patented improvement is con-

15

structed and put on exhibition, and the purchaser examines it for himself.—*Tabor v. Peters*, 74 Ala., 90, 96; *Cottrill v. Krum*, 100 Mo., 397; s. c., 18 Amer. St. Rep., 549, note p. 556; 8 Amer. & Eng. Ency., 636, note. As stated by Benjamin on Sales, 316 ''the vendor is at liberty to praise his merchandise, in order to enhance its value, if he abstain from a fraudulent representation of facts, provided the buyer have a full and fair opportunity of inspecting it, and no means are used for hiding the defects.'' A buyer may always protect himself by requiring a warranty of such matters as he is unwilling to take the risk on his own judgment.

The fraudulent facts relied upon as a defense, stated in plea No. 1, are that plaintiffs had no authority from the patentee to dispose of the right to use and sell the patented improvement; and in the second plea, that previous to the sale to the defendant, the plaintiffs had sold the right to the same territory to one Evans. The defendant failed to introduce any evidence which tended to support these defenses. It may be that the right had been sold to Evans, but the evidence shows that plaintiffs reposessed themselves of the right, at the instance of, and for the benefit of defendant, and sold it to him. The suit was not brought for more than two years after the purchase, and during all of that time no one had claimed the right from defendant, or interfered in any manner with his purchase, or the right to sell or use the patent within the designated territory.—*Johnson v. Oehmig & Wiehl*, 95 Ala., 189; s. c., 36 Amer. St. Rep., 204. What has been said applies to plea No. 4.

Issue was joined upon plea No. 5 without objection. It is not clearly framed, but under our construction of its averments, the burden rested upon the defendant to show that the plaintiffs falsely and fraudulently represented that they possessed the right to sell the patented improvement to defendant, and falsely and fraudulently represented that it was "valuable and useful." What we have said as to the want of evidence in support of the pleas considered, suffices to show that defendant failed to offer any evidence which would authorize a jury to find the issue in his favor. We deem it unnecessary to consider in detail that phase of the evidence introduced by defendant to show that he offered to rescind the contract within a reasonable time,

of which offer he gave the plaintiffs notice. He has failed to establish the fraud which authorized a recision of the contract. The court did not err in holding that plea No. 3 was insufficient. We find no error in the record.

Affirmed.