[Fullington *et al.* v. Kyle Lumber Co.]

# Fullington *et al. v.* Kyle Lumber Co.

*Bill in Equity to enforce Contract and for Injunction.*

1. *Bill to enforce contract and for injunction; sufficiency of averments as to inadequate compensation in damages.*—Where, in a bill filed to enforce the performance of a contract and for an injunction restraining the threatened breach thereof, it is averred that the threatened breach of the contract by the defendant would result in injury to the complainant, which could not be adequately compensated in damages, such averments, although demurrable for insufficiency, could be remedied by amendment, and will be considered as having been sufficiently amended on motion to dismiss the bill for the want of equity; and in such case, it was not necessary to the equity of the bill to further aver the insolvency of the defendant.

2. *Tenants in common; contract as to use of interest by one co-tenant.*—A tenant in common can enter into a valid and binding contract, not to employ his interest in the common property except in a certain way or for certain purposes, or can covenant with his co-tenants that he will not do certain things with or in respect of the common property; and if such contract is otherwise unobjectionable, it can be enforced.

3. *Contract; invalid when in restraint of trade.*—Where a lumber company, in the purchase of a one-half interest in a leasehold estate in a saw mill site, agrees to pay to the seller one-half of the rental for a covenant on the seller's part not to erect and operate a saw mill on said site, nor allow one to be erected and operated during the term of his lease of the site, such contract is an undertaking in restraint of trade, and is, therefore, void as being against public policy.

APPEAL from the City Court of Gadsden, in Equity.

Heard before the Hon. JOHN H. DISQUE.

The bill in this case was filed on the 15th day of September, 1902, by the appellees, the Kyle Lumber Company, a corporation, against the appellants, W. F. Ful-

lington and Peter Wagnon.  The following facts were averred in the bill:  W. F. Fullington was the owner of a leasehold estate in a certain saw mill site near Gadsden, upon which he owned and operated a saw mill up to April, 1902, when he removed said saw mill and did not operate a mill upon said site up to the time of the filing of the bill.  On or about April 1, 1902, Fullington proposed to the complainant company to take a one-half interest in said lease for a period of ten years from the date of the proposition, and said to the complainant that if he would assume one-half the burden of the lease, he, Fullington, would not surrender the lease to one Myrick from whom he had leased said premises, but that Fullington and complainant could hold the lease together and keep any one from putting up a saw mill on said property, or otherwise interfering with said saw mill site; and Fullington further agreed that he would not interfere with said site nor operate a saw mill thereupon for a period of ten years from April 1, 1902.  This proposition was accepted by the complainant company, and it and Fullington entered into an agreement as above set forth, and the complainant had paid the monthly rental for 1902 and for April, June and July.  Fullington paid the rental for May and agreed to pay it for August and September.  Complainant and Fullington were in joint possession of the saw mill site at the time of the filing of the bill, each paying one-half of the monthly rental.  It was then averred in the bill that the defendants, Fullington and Peter Wagnon, were about to erect a saw mill upon said site and operate the same in direct violation of the agreement which Fullington had entered into with the complainant; that the only consideration moving to complainant to assume to pay one-half of the rental value for twelve months was the promise and agreement made by said Fullington that he would not keep or use said premises for saw mill purposes for a period of twelve months nor allow anyone else to do so, and that unless said Fullington is required to carry out and perform his part of said contract, great injury and annoyance will result to complainant, and it will be without remedy to prevent such injury and to prevent

[Fullington *et al.* v. Kyle Lumber Co.]

constantly recurring grievances resulting from a continuous violation of the contract, which injuries cannot be adequately compensated in damages.

The prayer of the bill was that Fullington be required to carry out and perform in all respects, the contract which he made with the complainants, and that pending the hearing of the cause an injunction be issued restraining Fullington and Wagnon or their agents, from erecting a saw mill upon said site. There was a preliminary injunction issued upon the filing of the bill.

The defendants each filed a sworn answer, denying several of the material allegations of the bill, and also demurred to the bill, among others, upon the ground that the contract sought to be enforced was against public policy and in restraint of trade. Each of the defendants also moved to dismiss the bill for want of equity

On the submission of the cause, the chancellor dissolved the injunction upon the sworn answers of the defendants, but overruled the ground of demurrer as above set out, and also the motion of the defendants to dismiss the bill for want of equity. From this decree the defendants appeal, and assign the rendition thereof as error.

CULLI & MARTIN, for appellants.—The bill shows on its face that the complainant has a full, complete and adequate remedy at law.

The rule is well settled that a suit in equity for a specific performance will not lie if there is an adequate remedy at law. It will only lie where the loss cannot be compensated in damages.—Clark on Contracts, p. 700; *Sims v. McEwen,* 27 Ala. 184; *Bell v. Thompson,* 34 Ala. 600; *Electric v. Mobile,* 109 Ala. 193.

The bill shows on its face that the contract which it seeks to have specifically enforced is in restraint of trade and void as being against public policy.—*Tuscaloosa I. M. Co. v. Williams,* 127 Ala. 110; *Oliver v. Gilmore,* 52 Fed. Rep. 568; *American Co. v. Peoria,* 65 Ill. 502; *Fox v. Schoen,* 77 Fed. Rep. 29,

[Fullington *et al.* v. Kyle Lumber Co.]

One tenant in common is not liable to another for use and occupation, nor is he liable for rent to his co-tenants unless he has actually evicted them or there is an agreement to pay rent.—*Gayle v. Johnson,* 80 Ala. 395; *Newbold v. Smart,* 67 Ala. 326; *McMath v. Debardelcben,* 75 Ala. 68; *Wilson v. Stuart,* 74 Ala. 198.

BOYKIN & LEE, *contra.*—The contract is not one in restraint of trade, as it simply prohibits the use of the property for a particular purpose, for a given length of time, to-wit, twelve months, and does not prohibit the parties to the contract from engaging in the business of saw milling at any other point in Gadsden or elsewhere. Therefore the case of *Tuscaloosa Ice Co. v. Williams,* 127 Ala. 110, has no application to the case at bar.

That the bill, when properly amended contains equity, and that appellees have a good cause for injunction in aid of specific performance, see *Clay v. Powell,* 85 Ala. 538; *Webb v. Robbins,* 77 Ala. 176; *Parkman v. Aicardi,* 34 Ala. 393; High on Injunctions, § 1143; Kerr on Injunctions, § 86.

McCLELLAN, C. J.—It is averred in the bill as a fact that the threatened breach of contract by Fullington will result in injury to the complainant which cannot be adequately compensated in damages. The bill may be *demurrable* for the insufficiency of this averment, but if the fact be as averred the defect in the manner of the averment may, of course, be remedied by amendment, and it is just this sort of amendment which will be considered as having been made on motion to dismiss the bill for want of equity. This fact being there averred, it was not necessary to the equity of the bill in this connection to allege also Fullington's insolvency, since though he be solvent compensatory damages could not be recovered of him.

There is nothing in relation of tenants in common to prevent one of them binding himself to employ his interest in the common property only in a certain way or to certain ends, or covenanting with the other that he will not do certain things, with or in respect of the estate.

The assumption that the bill showed that complainant and Fullington became tenants in common of the mill site for the term of the current lease to the latter, by virtue of the contract set up in the bill, would not emasculate the bill of equity.

But the bill, in our opinion, is without equity, for that the contract, which it sets up and seeks to have specifically performed through the instrumentality of an injunction against the breach, is, in its final analysis, a mere undertaking on the part of Fullington to abstain from a certain legitimate use of his own property: The Kyle Company did not purchase Fullington's leasehold of the mill site or any interest in the leasehold. They in substance and effect agreed to pay Fullerton a certain sum of money, amounting to half the rental Fullington had agreed to pay his landlord, for a covenant on Fullington's part not to erect and operate a mill on the site, nor allow one to be erected and operated during the term of his lease of the site. This covenant is not distinguishable in principle from that considered in *Tuscaloosa Ice Manufacturing Company v. Williams,* 127 Ala. 110; and upon the consideration adverted to in the forepart of the opinion in that case, this undertaking is to be condemned as being inimical to public policy. This case is now a moot one since the undertaking sought to be enforced has expired by lapse of time—the lease of the site and the alleged agreement as to the non-user of it ended in April last—and we deem it unnecessary to enter upon an extended discussion of the questions involved.

The decree of the city court overruling the motion to dismiss the bill for want of equity must be reversed, and a decree will be here entered granting that motion and dismissing the bill.

Reversed and rendered.