# Southern Railway Co. v. Coleman.

### Damages for Delay in Forwarding Shipment.

#### (Decided Nov. 14, 1907. 44 South. 837.)

1. *Appeal; Review; Motion to Strike.*—The proper method to reach items of damage in the complaint not recoverable is by objections to evidence and special charges directed to such damages, and error cannot be predicated on a motion to strike such items because not recoverable.

2. *Damages; Breach of Contract of Shipment; Measure.*—Subject to the rules that damages must flow directly and naturally from a breach and must not be speculative or contingent, a party injured by a breach of contract or a breach of duty may recover all the damages sustained, including profits or gains prevented and losses sustained.

3. *Carriers; Delay in Shipment; Damages.*—Where the evidence tended to show that a part of the machinery of a public ginnery was delivered to a carrier to be transported to a designated point for repair, and that there was a delay in the delivery; and the evidence further tended to show that 75 cents was a fair profit for ginning a bale of cotton, but no estimate could be made of the number of bales of cotton that went to the gin during the time it was shut down in consequence of the delay, the owner of the gin is entitled to nominal damages only; the estimate of damages based on the earning capacity of the gin during the delay being speculative.

4. *Same.*—Where a public ginnery was stopped in consequence of the failure of the carrier to promptly transport and deliver the machinery for so short a time that the rental value of the plant could not be estimated, the interest on the value of the plant for that period is the proper measure of damages.

5. *Same; Expenses Incurred.*—The shipper cannot recover of the carrier the expenses incurred by him in making a trip to the point of destination of the goods shipped to look after the shipment.

6. *Same; Simple Negligence.*—The fact that the agent of the carrier at point of destination did not locate the car in which the shipment was authorizes a recovery for simple negligence only and does not authorize exemplary damages for delay in the delivery.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Action by B. W. Coleman against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Exceptions were reserved to the following oral charge of the court: "The second count not only charges that it did not get it there in a reasonable time, but that it was willfully and intentionally delayed. Was it intentionally or purposely delayed? That would amount to gross or wanton negligence. That is a question for you to look after. If it did not deliver it there in a reasonable time, and did not exercise reasonable diligence, it would be liable for the actual damages plaintiff suffered. Do you believe it did not, and that this iron was used in the ginning, and that the gin was shut down? If so, it would be liable, then, for the profits arising from the ginning of cotton and the gin from the time it should reach Selma and the iron works company received it— from that time until they actually received it. It would be further liable, gentlemen of the jury, if you find it was necessary for plaintiff in this case to go to Selma, and find the press pin, and help to deliver it, and you further find that it did not exercise reasonable diligence in delivering it there, defendant would be liable for the actual expenses of plaintiff in going to Selma to help deliver it. Under the second count of the complaint it is charged that the defendant willfully or wantonly failed to deliver the goods or carry out the contract in a reasonable time. The law says that as a punishment, what they call 'punitive damages'; and if you do not believe that they delivered within a reasonable time, and

are guilty of such negligence as would amount to gross
negligence, you have a right under the second count, if
you believe the evidence, to give punitive damages."
Among other charges the defendant requested the fol-
lowing charge, which was refused: "(21) I charge you,
gentlemen of the jury, that under the evidence in this
case you cannot find for the plaintiff for more than nom-
inal damages." The first count was in simple, and the
second count in wanton or willful, neglect of duty.

PETTUS, JEFFRIES & PETTUS, for appellant. The court
erred in not striking from the complaint the first claim
for damages which were for conjectural and speculative
profits.—*Reid L. Co. v. Lewis,* 94 Ala. 627; *Moulthrop
v. Hyeth,* 105 Ala. 496; *Abbott v. Gatch,* 91 Am. Dec.
642; *Griffin v. Colver,* 69 Am. Dec. 722; *Ala. Chem. Co.
v. Guice,* 144 Ala. 591. The claim of damages based on
expenses in making the trip to Selma should have been
disallowed.—*Southern Ry. Co. v. Webb,* 39 South. 262.
The court erred in permitting the witness Evans to tes-
tify as to what he told defendant's agents about his gin
being shut down for want of the pin.—*Ala. Chem. Co.
v. Guice, supra; Gulf Ry. Co. v. Guilbert,* 23 S. W. 320.
The damages testified about cannot be said to be certain
both in their nature and in respect to the cause from
which they proceed.—Authorities supra. The reasona-
ble rental value of the machinery shipped during the
time it was negligently delayed by the carriers was the
measure of damages.—6 Cyc. 449. The general charge
as against recovery on the 2nd count should have been
given.—*City Del. Co. v. Henry,* 139 Ala. 161; *Cent. of
Ga. Ry. Co. v. Freeman,* 140 Ala. 581.

DEGRAFFENRIED & EVINS, for appellee. The court prop-
erly overruled the motion to strike from the complaint

the claim for damages for loss in ginning cotton.—*Pacific Exp. Co. v. Darnell*, 6 S. W. 765; *S. F. & W. Ry. Co. v. Pritchard*, 1 S. E. 261. On this last cited authority plaintiff was entitled to recover his expenses to Selma. The paper offered in evidence as a bill of lading was an original paper.—*Westbrook v. Fulton*, 79 Ala. 510.

DENSON, J.—This suit was brought to recover damages alleged to have accrued to the plaintiff on account of a failure on the part of the defendant, a common carrier of goods. to promptly deliver a press pin to the Union Iron Works, in Selma, Ala. The case, briefly stated, is this "The plaintiff owned and operated a public ginnery at Sawyerville, a station on the Southern Railway distant 56 miles from Selma. On the 13th of October, 1904, his press pin, a part of the machinery of his ginnery being in such condition that it could not be used, plaintiff delivered it to the defendant's agent at Sawyerville. to be shipped to the Union Iron Works in Selma, there to be immediately repaired by that concern and shipped back to the plaintiff. At the time of the delivery of the pin to defendant's agent for shipment, plaintiff told him that the pin was a part of the machinery of his ginnery, that the ginnery could not be operated until the pin was repaired, and that he was sending it to the consignee for immediate repair and return, and that his ginnery would be "at a standstill" until the pin should be repaired and returned. The pin was shipped in a certain car on the same day it was delivered for shipment, but through the negligence of the defendant's agents at Selma it was not delivered to the consignee until the 20th of October, 1904, and not until the plaintiff went to Selma on that day and located the car it was in. When the pin was located, it was repaired with-

in three hours by the consignee, and was returned to the plaintiff by express on the following day.

The only points of serious contest in the cause arise in respect to the measure of damages on account of the failure to promptly deliver the pin to the consignee in Selma, or to deliver it within a reasonable time; plaintiff's contention, which prevailed in the court below, being that he was entitled to recover as damages the profits which he would have made on ginning cotton, the ginning of which was lost to him by the breach of the defendant's duty in not delivering the pin at Selma within a reasonable time, together with the expenses incurred by plaintiff in going to Selma to procure the delivery of the pin.] The court overruled defendant's motion to strike these items of damages from the complaint, and overruled a demurrer to the complaint making the point that they were not recoverable. Error cannot be predicated of these rulings, as the defendant could have raised the same points, as it has done, by objections to evidence, exceptions to the oral charge of the court authorizing such recovery, and by special charges.—*Vandiver & Co. v. Waller, Adm'x,* 143 Ala. 411, 39 South. 136, and authorities there cited.

The broad general rule is that a party injured by a breach of contract or breach of duty is entitled to recover all his damages, including gains prevented as well as losses sustained, subject to two conditions: The damages must be such as may be fairly supposed to have entered into the contemplation of the parties when they made the contract, or when the duty was assumed or imposed—that is, the damages must be such as might be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed: The familiar rules on the subject are all subordinate to these; for instance, that the

damages must flow directly and naturally from the breach is a mere mode of expressing the first, and that they must be, not the remote, but the proximate, consequences of such breach, and must not be speculative or contingent, are different modifications of the last. These two conditions are entirely separate and independent, and to blend them tends to confusion. Thus the damages claimed may be the ordinary and natural, and even necessary, result of the breach; and yet, if in their nature uncertain, they must be rejected. So they may be definite and certain, and clearly consequent upon the breach, and yet, if such as would not naturally flow from such breach, but for some special circumstances, collateral to the contract or duty itself, or foreign to its apparent object, they cannot be recovered.—*Griffin v. Colver,* 16 N. Y. 489, 69 Am. Dec. 718. In the case supra it is said by Selden, J., for the court: "Cases not infrequently occur in which both these conditions are fulfilled, where it is certain that some loss has been sustained or damage incurred, and that such damage or loss is the direct, immediate, and natural consequence of the breach of contract or duty, but where the amount of the damages may be estimated in a variety of ways. In all such cases the law, in strict conformity to the principles already advanced, uniformly adopts the mode of estimating the damages which is most definite and certain. The case of *Freeman v. Clute,* 3 Barb. 424, is a case which affords an apt illustration of the rule. The contract there was to construct a steam engine to be used in the process of manufacturing oil, and damages were claimed for delay in furnishing it. It was insisted that the damages were to be estimated by ascertaining the amount of business which could have been done by the use of the engine and the profit that would have thence accrued. The claim was rejected. But the court held that com-

[Southern Railway Co. v. Coleman.]

pensation was to be allowed for the loss of the use of the plaintiff's mill and other machinery." And this loss, it was held, should be predicated upon the fair rent or hire. of the mill and machinery.

The foregoing principles have been frequently applied by this court. Thus in *Nichols v. Rasch*, 138 Ala. 372, 35 South. 409, it is said by Sharpe, J., for the court: "Ordinarily a loss of profits resulting proximately from a breach of contract, when it is such as can be definitely ascertained by proof, and which the parties in the formation of the contract must have contemplated would flow from its breach, may be recovered in an action for the breach; but the profits which were merely possible or probable of accretion from the business in which the defendant was engaged were in large measure speculative, subject to contingencies, and incapable of being proved with the degree of certainty which the law requires to constitute recoverable damages." So in *Watson v. Kirby*, 112 Ala. 436, 446, 20 South. 624, 628, there were existing contracts for the sale of lumber at a profit, of which the plaintiff had knowledge at the time he entered into a contract to furnish logs to defendant's mill; and the defendant sought to recoup the profits which he failed to realize on account of plaintiff's failure to furnish the logs. The court, through Head, J., said: "What defendant's general profits for running the mill so short a time would amount to would be mere speculation. If, in any case, they can safely and justly be allowed, they cannot in this." See the numerous cases cited by Judge Head in support of the ruling.—*Reed Lumber Co. v. Lewis*, 94 Ala. 626, 628, 10 South. 333; *Moulthrop & Stevens v. Hyett & Smith*, 105 Ala. 493, 17 South. 32, 53 Am. St. Rep. 39.

Without further discussion of the cases, it seems to us that the evidence offered in the present cause to sustain

the plaintiff's claim for profits demonstrates that there should be no such recovery. The plaintiff testified that 75 cents was a fair profit for ginning a bale of cotton; but he testified that he could not swear how many bales went to his gin during the few days his plant was shut down. He could only estimate it. He could not swear that there were 100, nor that there were 75, nor could he give the name of a single person who carried cotton to the gin during the time. Furthermore, the 75 cents profit was shown to depend on many contingencies. We do not see how the conclusion can be avoided that the evidence shows the plaintiff was measuring his damages by estimating what he might have earned by the use of the pin in connection with his other machinery, had the shipment been promptly delivered. Hence it is shown that the profits claimed fall within the rule that damages, to be recoverable, must not be speculative or contingent. Authorities supra.

It will be seen that the oral charge of the court, in respect to the right of the plaintiff to recover such profits as damages, is not in harmony with our conclusion, and also that the court erred in refusing charge 3 requested in writing by the defendant. The court further erred in admitting proof of such profits as an element of damages. It would seem that if the ginnery was stopped for any appreciable length of time—that is, a period in which it could be reasonably said that the gin outfit had a rental value—then the rental value of the ginnery during the delay caused by defendant's breach of duty would be the just and reasonable rule of damages in the case. But, if the period was so short that the ginnery had no rental value, then, as intimated in *Watson v. Kirby & Sons*, 112 Ala. 446, 20 South, 624, interest on the value of the ginnery for that period would be the proper rule for the admeasurement of the damages. But

18 R

such damages are not claimed.—*Nichols v. Rasch,* 138 Ala. 372, 376, 35 South. 409.

On the authority of *Southern Railway Co. v. Webb,* 143 Ala. 304, 315, 39 South. 262, 111 Am. St. Rep. 45, it must be held that expenses incurred by the plaintiff on the trip to Selma to look after the shipment are not recoverable damages.

We cannot find anything in the evidence upon which the claim for exemplary damages can be based. The defendant's agents at Selma, it seems, did not locate the car in which the pin was. This was all, and this cannot be said to be more than simple negligence. On the foregoing considerations, and on the proof made on the trial, charge 21, requested by the defendant, which restricts plaintiff's recovery to nominal damages, should have been given.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.