# St. Louis & San Francisco R. R. Co. *v.* Lilly.

## *Damages for Delay in Delivering Baggage.*

(Decided May 3, 1911.   55 South. 937.)

1. *Carriers; Baggage; Delay in Delivery; Loss of Profits.*— Where the action was against the carrier for delay in delivery of baggage consisting of samples of a salesman selling on commission, he could not recover profits lost because of inability to make sales during the delay, as such profits were speculative and contingent and not capable of being shown with the certainty required to constitute recoverable damages.

2. *Same.*—Where a salesman traveling on commission was unable to do anything during the delay in transporting his samples, received by the carrier as baggage, he was not limited to the recovery of nominal damages merely, but was entitled to recover his actual reasonable expenses incurred during the delay, and compensation for the time lost to be ascertained by proof of his reasonable wage per day, taking into consideration his experience as a salesman, and his reasonable fitness for the employment.

3. *Same; Receipt of Baggage.*—Where a salesman informed the baggageman of the carrier, when checking his baggage, that he was a salesman, and that the baggage consisted of his samples, and the baggageman accepted it as baggage, the carrier cannot resist an action for damages for delay in transportation on the ground that the samples were not such articles as it was required to accept and transport as baggage.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by G. C. Lilly against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Charge 2, referred to in the opinion, is as follows: "Gentlemen of the jury, I charge you that if you are reasonably satisfied from the evidence that the value of the use of the grip, suit case, or telescope, and contents were worth $5 a day to plaintiff during the time they were detained, and, further, that the defendant was informed of the contents of same, and its importance to

[St. Louis & San Francisco R. R. Co. v. Lilly.]

the plaintiff at the time it undertook to carry same as baggage, then you must find a verdict for the plaintiff for an amount not less than $5 a day during the time of their detention, if you are reasonably satisfied from the evidence that there was such detention."

CAMPBELL & JOHNSTON, for appellant. The court erred in permitting the plaintiff to testify that the rental value of the use of the case of samples was to plaintiff worth $5 or $6 per day.—*So. Ry. Co. v. Coleman,* 153 Ala. 266; *Brigham v. Carlisle,* 78 Ala. 243. The court erred in not giving the affirmative charge for the defendant. In the first place, the articles were not proper articles of baggage, but was merchandise.—*McElroy v. I. C. R. R. Co.,* 110, N. W. 916; *Rossier v. Wabash,* 9 S. W. 1018; *Alling v. Boston Ry. Co.,* 30 Am. Rep. 667; 6 Cyc. 668. It is not shown that notice was given to the defendant of the character and contents of the baggage.—*C. of Ga. v. Joseph,* 125 Ala. 313; *Blumantle v. Fitchburg R. R. Co.,* 34 Am. Rep. 376. Counsel discuss other assignments of error, but without further citation of authority.

ARTHUR L. BROWNE, for appellee. For delay in delivering personal baggage, a common carrier is liable only for the value of the use of the property to the owner during such delay.—*St. L., etc. R. R. Co. v. Hindsman,* 1 W. & W. C. C. C. App. sec. 206; *Wood v. Main Central,* 99 Am. St. Rep. 386.

DE GRAFFENRIED, J.—This suit was brought by appellee against appellant for damages on account of appellant's failure to deliver to him, at Dora, Ala., certain baggage consisting of samples, which the appellant undertook, as a common carrier of passengers, to transport from Birmingham to Dora, as an incident of the

21—CA

transportation of plaintiff from Birmingham to Dora. The appellee was a traveling salesman, selling goods on commission; i. e., his compensation depended upon the amount of goods sold by him.

The evidence shows that after appellee bought his ticket he saw the baggageman of appellant, and informed him that his baggage consisted of samples; that he was a salesman and could make no sales without his samples; and that it was necessary, for the conduct of his business, for the samples to accompany him on the same train to Dora. It was with this knowledge that appellant accepted the baggage and gave appellee the check. The evidence further shows that, through the breach of its contract by appellant, the samples were, without fault on appellee's part, kept out of his possession for 21 days. During this period the plaintiff was in Birmingham, without employment at his own expense, and daily calling on appellant for a return of his baggage, and being each day informed by appellant's agents that they were searching for the baggage and would soon locate it for him. The evidence further shows that the samples of appellee were of a special manufacture, and could not be duplicated, and that he could not, without them, do any business as a traveling salesman. It is therefore apparent that appellee suffered substantial loss from the appellant's breach of its contract, and the law should, if possible, furnish him a remedy whereby he can obtain reimbursement out of appellant for that loss. The pleadings are sufficiently broad to cover all damages sustained by the appellee, and the evidence shows, with sufficient clearness, that appellant is liable in this action for all recoverable loss suffered by him. The court, under the evidence, committed no error in giving to the jury the general charge in favor of the appellee. The real question is whether

the court committed error in giving, at the request of the appellee, his written charge No. 2. Does that charge, under the evidence, correctly fix the proper standard by which appellee's damages are to be measured? Can, under the evidence, the appellee recover more than nominal damages? He suffered more than nominal damages; does the law furnish him with a standard whereby his damages can be measured with reasonable certainty?

It is manifest that he cannot recover the possible or probable profits that he might have made during the 21 days in which his samples were detained. In the case of *Beck v. West & Co.,* the Supreme Court, through STONE, C. J., says a traveling salesman cannot recover, in an action against his employer for a breach of the contract, any sum on estimated profits on sales to be made in the future which had not already been contracted to be made at the time of the breach of the contract, for, "as to what sales he could or would have made, all fall in the category of the speculative, are contingent, and do not tend to show a right of recovery."—*Beck v. West & Co.,* 87 Ala. 213, 6 South. 70. In *Railway Co. v. Coleman,* 153 Ala. 266, 44 South. 837, the court says: "The damages claimed may be the ordinary and natural, and even necessary, result of the breach; and yet, if in their nature uncertain, they must be rejected. * * * The profits which were merely possible or probable of accretion from the business in which the defendant was engaged were in large measure speculative, subject to contingencies, and incapable of being proved with the degree of certainty which the law requires to constitute recoverable damages."

The learned judge, in the trial in the court below, in his rulings on the evidence, in his oral charge to the jury, and in the written charges given to the jury at the request of the appellant, showed perfect familiarity

with the above decisions, and undertook, in his oral charge and in charges given at the request of appellant, to enforce them. The appellee, in his testimony, was permitted by the court to testify as to the *value of the use of the samples to him per day*. In this there was no error. On cross-examination, however, the plaintiff stated that he fixed the value of the use of the samples at not less than five or six dollars per day, because his past sales, made by the samples, amounted to not less than five or six dollars per day. The plaintiff thus showed conclusively that the value of the use of the samples as fixed by him at five or six dollars per day for the 21 days was subject to the same legal objections, criticisms, and infirmities as the possible or probable profits he might have made as a traveling salesman during that period of time, but for the loss of the samples. If the possible or probable profits were too speculative to be recovered, so was the value of the use of the samples as fixed by him. Both were arrived at by identical methods. The court, therefore, committed reversible error in giving charge No. 2 requested in writing by appellee.

Is there, then, a standard, provided by law, whereby the appellee can recover the actual damages suffered by him, as shown by the facts in this case? If so, then that rule should be applied, and the appellee should not be permitted to go with nominal damages merely.

This case is to be differentiated from those cases for the detention of baggage where the character or special importance of the baggage to the passenger is not known to the carrier. The principles announced in *Brock v. Gale*, 14 Fla. 523, 14 Am. Rep. 356, have no applicability to this case. In Brock's Case a dentist was permitted to recover no damages for the loss that he sustained in the profits and earnings from his profession by reason

of the loss of certain dental instruments, which, it seems, he had difficulty in duplicating. The court held that, as Brock had not informed the defendant, when the baggage was checked, of the peculiar character and value of the baggage carried, the defendant was only liable for the actual value of the baggage lost, for, said the court, "had the special circumstances been known, the parties might have stipulated by special contract as to the damages for a breach of the contract in that case, and of this advantage it would be unjust to deprive them." In the case of *Cooney v. Pullman Palace Car Co.*, 121 Ala. 372, 25 South. 715 (53 L. R. A. 690), the Supreme Court cites with approval the following from *International Railway Co. v. Nicholson*, 61 Tex. 550: "The lost articles seemed to be of such a character, viz., second hand clothing, books and table furniture which had been used by the plaintiff, that they could not be said to have to him a value at one place different from what they possessed at another. He could hardly have supplied himself in the market with goods in the same condition and so exactly suited to his purposes as were those of which he had been deprived. As *compensation for the actual loss* is the *fundamental* principle upon which this measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might for special reasons place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and his family." In a case somewhat similar to the present case, the Court of Appeals of Texas says: "In this case the criterion of rental value would not, it seems, be a fair, just or practicable measure of damages, because the property

could not be said to have any rental value. We think a fair, just, and practicable measure of damages in this and similar cases would be the value of the use of the property to the owner during the delay, excluding from the estimate, however, remote, speculative damages and restricting the estimate to the natural, direct, certain, and proximate injury sustained."

What was the direct, natural, certain, and proximate injury to the appellee by the breach by appellant of its contract? It was the loss of the 21 days spent by him in Birmingham, while appellant was in possession of his baggage. What, then, was the value of the use of those samples to appellee during that period? Was it not the value of the appellee's lost time, expressed in money?

In the case of *Coleman v. Railway, supra,* the Supreme Court says, quoting from *Griffin v. Colver,* 16 N. Y. 489, 69 Am. Dec. 718: "Cases frequently occur in which it is certain that some loss has been sustained or damage incurred, and that such damage is the direct, immediate, and natural consequence of the breach of the contract or duty, but where the damage may be estimated in various ways. In all such cases the law, in strict conformity to the principles already advanced, uniformly adopts the mode of estimating the damages which is most definite and certain." In the case of *Beck v. West & Co., supra,* the court held that in an action for a breach of his contract brought by a traveling salesman whose compensation was contingent on the amount of his sales against his employer, damages could not be recovered for the time lost by him by reason of such breach of the contract by the employer. This was due to the fact that the suit was an action on a contract between the parties to it, which contract, by its terms, rendered it impossible for the law to furnish

a standard by which damages arising out of its breach could be recovered. The fact that appellee was selling goods on commission, and, not on a salary, can in no way avail the appellant. As to appellant, the contract of appellee with his principal was res inter alios acta.

The case of *Watson v. Kirby & Sons,* 112 Ala. 436, 20 South. 624, was a suit for damages for the breach of a contract to deliver logs to a sawmill, and by the breach of which the mill was forced to shut down. The court held that general profits for running the mill during the period rested in speculation and could not be recovered. The court held, however, that if, under the circumstances, the owners of the mill reasonably expected early delivery of the logs they might reasonably have kept the mules and laborers at the mill, unemployed, during the period, at the cost of the party contracting to deliver the logs. The loss in wages paid to the employees of the mill and the expense of the mules were elements of damage susceptible of reasonable ascertainment, and for this reason were held to be reasonable subjects of recovery, under the facts of that case. If that be a correct proposition, then appellee is entitled to recover from appellant as compensatory damages whatever he may show, by legal testimony, the time lost by him during the period covered by the detention of his baggage was worth in money, together with his reasonable actual expenses during the delay. His actual reasonable expenses can be arrived at with reasonable certainty, and the reasonable wage of the appellee per day, taking into consideration his experience as a salesman and his fitness for such employment, can be shown by testimony in such a way that the jury may arrive at a just conclusion as to the amount of his damages. In the absence of satisfactory

evidence as to the value of the time lost, the appellee is certainly entitled to his actual reasonable expenses incurred by him during the period of the detention as one of the necessary elements of his damages.—*Texas, etc., R. Co. v. Taylor,* 3 Willson, Civ. Cas. Ct. App. § 192; 3 Am. & Eng. Ency. Law, p. 584, note 3.

The contention of appellant that the samples did not constitute such articles of baggage as the appellant was bound to accept for transportation is, under the evidence, entirely without merit. The appellant, under the evidence, was informed that the baggage consisted of samples, and that appellee could not do business without them. With this knowledge, the samples were accepted as baggage and checked as such. There was sufficient evidence in the case to show that appellant was notified through a duly authorized agent, acting in the line of his employment, of the above facts. The samples were checked at the Union Station at Birmingham by the "baggageman," who delivered appellee his check, and this "baggageman" was the man, under the evidence, to whom the above information was given. For three weeks afterwards, various agents of the appellant were searching for his baggage, and it was finally delivered to appellee by appellant, without explanation as to where it had been. The case of *Central of Ga. Ry. Co. c. Joseph,* 125 Ala. 313, 28 South. 35, has no applicability to the facts of this case.

There were no other errors in the record, but for the error pointed out the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.