(133 So. 683)

## ALABAMA MACHINERY & SUPPLY CO. v. BOYD.

3 Div. 951.

Supreme Court of Alabama.

March 5, 1931.

Rehearing Denied April 23, 1931.

A. H. Arrington and M. S. Carmichael, both of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

GARDNER, J.

Plaintiff invented a tractor wheel, and entered into a written contract with defendant (the salient features of which appear in the report of the case) for the manufacture and sale thereof, under the terms of which plaintiff was to receive a stipulated royalty. The royalty was not paid in full, and in this action plaintiff recovered a judgment therefor, from which defendant prosecutes this appeal.

■ Plaintiff made effort to have his invention patented, but thus far to no avail. His failure in this particular is made the basis for an alleged fraud, in that in some of the pleading to avoid the contract and justify its rescission it is averred that plaintiff represented that the invention was patentable, and that patent would be secured. But, as observed by the court in E. Bement & Sons v. La Dow (C. C.) 66 F. 185, patent rights are uncertain and speculative, and that it "is only after a patentee has passed successfully the ordeal of judicial interpretation that he can speak with any real certainty as to the scope and character of his invention." The pleadings in this respect, as well as the proof, are in entire harmony with good faith and honest intention on plaintiff's part as to obtaining a patent for his invention. The representation relied upon therefore is found to be only the expression of an honest opinion upon plaintiff's legal rights in the premises, and his expectations based thereon—insufficient upon which to rest a fraud justifying a repudiation of the contract. Burk v. Johnson (C. C. A.) 146 F. 209; E. Bement & Sons v. La Dow, supra. The defense of fraud is not established.

■ The next insistence as to fraud is related to the first, that is, a representation that plaintiff would have the ability to grant exclusive right to defendant for the manufacture and sale of the tractor wheel. The contract disclosed that the invention had not been patented, and that therefore plaintiff could not grant exclusive right which depended upon his ability to obtain the patent—a matter of opinion as to legal rights—and so far as here appears honestly entertained. Nor is there any averment indicating any action on plaintiff's part granting any such rights to others.

The demurrer to these pleas was also properly sustained. Authorities supra.

Defendant reserved exception to that portion of the oral charge dealing with the proper construction to be placed upon the clause of the contract reading as follows: "It is agreed that the party of the first part shall have the exclusive right to manufacture, sell and distribute in the United States said Boyd tractor wheels." In view of the fact that no patent had been obtained as shown by the terms of the contract referring thereto, the trial court construed the foregoing warranty as confined to any action or conduct on plaintiff's part. Without the issuance of a patent, both parties must have known no such exclusive rights could have been granted, save only those emanating from the plaintiff himself.

We therefore conclude that, the entire contract considered, the interpretation of the contract by the trial court is the only reasonable and proper construction, and that the exception to the charge is not well taken.

We have examined the authorities relied upon by appellant (among them, Vulcan Metals Co. v. Simmons Mfg. Co. [C. C. A.] 248 F. 853; Tabor v. Peters, 74 Ala. 90, 49 Am. Rep. 804; Bain v. Withey, 107 Ala. 223, 18 So. 217; Counts v. Harlan, 78 Ala. 551), but find nothing in them out of harmony with the conclusion here reached.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.