## COSBY–HODGES MILLING CO. v. RILEY.

### 7 Div. 206.

Supreme Court of Alabama.

Oct. 12, 1933.

Hardegree & Dempsey, of Ashland, for appellant.

Pruet & Glass, of Ashland, and J. J. Cockrell, of Talladega, for appellee.

BROWN, Justice.

Action of assumpsit on the common counts for merchandise, goods, and chattels sold by the plaintiff to the defendant.

The defendant pleaded in short by consent, the general issue, set-off, recoupment, and failure of consideration.

There is no dispute in the evidence that defendant purchased the goods constituting the items of the account, and that some part of the indebtedness was due. The plaintiff claimed a balance of $166.60, while defendant's books showed a balance of only $153.

The defendant's contention on the trial was that he suffered a loss in consequence of the breach of a contract made by the plaintiff through and by its traveling salesman, Scott, with defendant, to the effect that defendant should have the exclusive sale of plaintiff's products, known as Jazz Feeds, in the town of Ashland, Ala. The defendant testified in support of this contention, to quote his language, "That I should have exclusive sale of Jazz feed in this town. * * * I gave him a check for what I owed them before I burned out, and after I burned out he asked if I was going back in business, and I told him that I was, and he said: 'I want to sell you your feed,' and I said: 'I am going back in business as soon as I can,' and he said: 'Well, when you do, I want to sell you the feed,' and I said: 'All right, if you will let me have them like I handled them before I got burned out,' and he said: 'All right.' My contract before I burned out was that no other man

in town, no other merchant, was to handle Jazz feed except myself. *The contract was to run as long as satisfactory,* a year is generally the length of time. The custom is a year. *There was nothing said about how long I should have exclusive sale of these feeds, but a year was customary as long as things were satisfactory.* * * * After I told him that I was going back in business I told him I would buy his feed if I could get the exclusive handling of them like I had already had for three years. The contract, or our agreement, was that I would not buy any other feed during that time. I was to have the contract as long as I kept the bills paid, there was no definite time specified, but as long as I kept the bills paid I could handle it like I did heretofore. I proceeded under that contract. He shipped feed to me by the carload. I was to pay in thirty days, I had thirty days open account. I paid according to his statements. I kept the bills paid regularly. * * * They were to sell no other man in the town of Ashland. The feeds included in the agreement were 'Jazz Laying Mash,' 'Jazz Growing Mash,' 'Jazz Dairy Feed,' anything that has 'Jazz' on it. He agreed not to sell to anybody else here for as long as I kept my bills paid up *and everything was pleasant. I was to buy as much as I wanted.*" (Italics supplied.)

Assuming that Scott had authority to make a contract such as the defendant undertook to prove, which we doubt (2 C. J. page 593, § 229; Simon & Son v. Johnson, 105 Ala. 344, 16 So. 884, 53 Am. St. Rep. 125), this evidence is insufficient, prima facie, to establish a valid, enforceable contract for two reasons: First, it had no fixed term, and was subject to termination at the will of either of the parties; and, second, the defendant was not obligated to purchase any of the plaintiff's feed products, unless he so desired. Lucas E. Moore Stave Co. v. Kennedy, 212 Ala. 193, 101 So. 894; Jones v. Lanier, 198 Ala. 366, 73 So. 535; Lucas E. Moore Stave Co. v. Woodley et al., 213 Ala. 570, 105 So. 878; Vinson et al. v. Little Bear Sawmills, 216 Ala. 441, 113 So. 385; Christie, Lowe & Heyworth et al. v. Patton, 148 Ala. 324, 42 So. 614.

In the absence of evidence going to support the defendant's special defenses, the plaintiff was entitled to the affirmative charge, requested by it in writing, and the court erred in refusing said charge.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.