(105 So. 878)

### LUCAS E. MOORE STAVE CO. v. WOODLEY et al. (6 Div. 413.)

(Supreme Court of Alabama. Oct. 22, 1925.)

**1. Pleading ⬅63—Court did not err in overruling demurrer to complaint containing common counts in statutory form.**

In action to recover for staves sold to defendant, demurrer to complaint containing common counts in form 10 of Code 1923, § 9531, was properly overruled.

**2. Contracts ⬅10(4)—Sales ⬅340—Action for breach of agreement to take staves at certain price not maintainable, where agreement unilateral; action must be brought on common counts.**

Action for breach of contract *held* not maintainable on an agreement by defendant to take staves at certain price, which agreement was unilateral and wanting in mutuality, nothing in it binding or obligating plaintiffs to do anything, but plaintiffs are remitted to common counts for price of staves received thereunder by defendant from plaintiff or taken and converted by defendant.

**3. Sales ⬅182(1) — In action on common counts for staves sold and delivered, general affirmative charge for defendant properly refused under evidence.**

In action on common counts for staves sold and delivered, where there was evidence that staves were delivered to defendant under unilateral agreement lacking mutuality, and were accepted by defendant, who allowed plaintiff inadequate sum therefor, and that defendant subsequently hauled away staves belonging to plaintiffs without crediting them therefor, defendant's general affirmative charge was properly refused, regardless of whether plaintiff could have maintained common counts for breach of another agreement as to bucking and delivery of staves.

**4. Sales ⬅53(1)—Defendants, sued on common counts, not entitled to general affirmative charge because contracts under which goods delivered were made with one of plaintiffs only.**

Defendants, sued on common counts for staves sold and delivered, were not entitled to general affirmative charge, on ground that agreements under which staves were delivered were made with one of plaintiffs alone, where there was evidence from which jury could have inferred that contracts were made with both of them.

**5. Trial ⬅253(5)—Where suit involved two contracts, instruction pretermitting plaintiff's right of recovery on one and confining inquiry to the other properly refused.**

Where suit for price of staves involved contract relative to bucking and delivery of staves after they had been acquired and inspected by defendant, and an agreement by defendant to take staves at a certain price, which was wanting in mutuality, a requested instruction which pretermitted plaintiff's right to recovery for goods delivered under last transaction, and confined inquiry to former contract, was properly refused.

**6. Trial ⬅244(3)—Instruction singling out and giving undue prominence to part of written contract properly refused.**

An instruction which singles out and gives undue prominence to part of written contract is properly refused.

**7. Trial ⬅251(5)—Charge instructing against recovery, if plaintiffs refused to complete hauling of staves, properly refused, where contract to which it related unenforceable except under common counts.**

In an action on common counts for staves sold and delivered, a requested charge which would instruct against recovery on hypothesis that plaintiffs refused to complete hauling of staves to railroad was properly refused, where contract to which it related was not binding and unenforceable except upon common counts for what defendants got and should in good faith pay plaintiffs.

**8. Appeal and error ⬅1052(2) — Plaintiff's testimony as to worth of hauling staves rendered competent by subsequent testimony of defendant's witness as to deducting hauling costs and crediting plaintiffs for certain staves.**

In action for staves sold and delivered, involving agreement relative to bucking and hauling, testimony of plaintiff as to worth of hauling staves, if incompetent at time, was made competent by subsequent testimony of defendant's agent and witness, who testified as to deducting hauling costs and crediting with certain staves hauled, for jury was entitled to be informed whether cost deducted for hauling was fair and reasonable.

**9. Sales ⬅181(4)—That shortage in delivery of staves was due to rejection when bucked properly shown, where plaintiff's compensation for staves as based on staves before or after bucking was in issue.**

In action to recover for staves sold and delivered, where one of issues was whether plaintiffs were to be compensated for staves accepted in rough or original inspection or after they had been bucked and delivered to railroad, it was proper to permit witness to show shortage of staves shipped was due to culling or rejection when they were being bucked.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Appeal and error ⊙═►1050(1)—Excluding conclusion as to whether certain checks and tickets showed indebtedness from defendant to plaintiffs held not reversible error.**

In an action for staves sold and delivered, there was no reversible error in not permitting witness to give his opinion as to whether or not certain checks and tickets did or did not show an indebtedness from defendant to plaintiff, where such checks or tickets spoke for themselves, and jury could have determined what they showed, and defendant got full benefit of witness' testimony as to status of account from witness and ledger sheets.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by E. A. Woodley and I. S. Woodley against the Lucas E. Moore Stave Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Charge 11, the refusal of which is made the basis of assignment 8, is as follows:

"11. The court charges the jury that if, after considering all the evidence in this case, they are reasonably satisfied that there was a special contract by the plaintiffs to make and deliver staves f. o. b. railroad cars, and that said contract was not breached by the defendant, then no recovery can be had by the plaintiffs under count 1 of the complaint."

Charges 13 and 15, the refusal of which is made the basis of assignments 10 and 12, are the same as charge 11, except that they relate to counts 3 and 5, respectively.

Charges 17, 18, 20 and 22, the refusal of which is made the basis of assignments 14, 15, 17, and 19, are to the effect that, if the jury are reasonably satisfied that the plaintiffs did not perform their part of the contract, there could be no verdict for the plaintiffs under the several counts of the complaint.

Charges 27, 28, and 30 would instruct against a recovery, under the several counts, on the hypothesis that plaintiffs refused to complete the hauling of the staves to the railroad.

W. C. Davis and Curtis, Pennington & Pou, all of Jasper, for appellant.

Counts 3 and 5 were subject to demurrer, in not alleging the sums claimed were due. Kelly v. Burke, 132 Ala. 235, 31 So. 512; Chickering v. Bromberg, 52 Ala. 528; Smythe v. Dothan F. & M. Co., 166 Ala. 253, 52 So. 398; Lang v. Leith, 16 Ala. App. 295, 77 So. 445. Where the suit is for damages for the breach of an express contract, the plaintiff must declare specially upon the contract and aver the breach. Elrod Lbr. Co. v. Moore, 186 Ala. 433, 65 So. 175; Motor Sales Corporation v. Whaley, 20 Ala. App. 35, 101 So. 477; Abercrombie v. Vandiver, 126 Ala. 532, 28 So. 491; Beadle v. Graham, 66 Ala. 102; Ezell v. King, 93 Ala. 473, 9 So. 534. Plain-

tiff, having voluntarily abandoned the contract before its completion, cannot recover under the common counts, on quantum meruit, or on quantum valebat. Pappott v. Howard, 154 Ala. 310, 45 So. 581; Martin v. Massie, 127 Ala. 504, 29 So. 31; Varner v. Hardy, 209 Ala. 575, 96 So. 860; Worthington v. McGarry, 149 Ala. 251, 42 So. 988; Carbon Hill Coal Co. v. Cunningham, 153 Ala. 573, 44 So. 1016. Plea of payment being proven without conflict, defendant was entitled to the affirmative charge. C. of G. v. Goss, 192 Ala. 354, 68 So. 291. Where a contract is set up as a joint contract, and the proof shows it to be a single contract, this constitutes a variance. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33; Strickland v. Burns, 14 Ala. 511; Handley v. Shaeffer, 177 Ala. 636, 59 So. 286; Holleman v. De Nyse, 51 Ala. 100. A witness may be permitted to testify that he has examined documents and what they show. Jones on Evi. § 206; 10 R. C. L. 911.

Gray & Powell, of Jasper, for appellees.

Counsel discuss the questions raised and treated, but without citing authorities.

ANDERSON, C. J. [1] This case was submitted to the jury on counts 1, 3, and 5, the common counts in Code form No. 10, section 9531 of the Code of 1923. The counts held bad in the case of Kelly v. Burke, 132 Ala. 235, 31 So. 512, are unlike the ones in the instant case. There they merely averred a delivery of the goods or that they were received by the defendant, and averred no promise to pay or facts from which an implied promise arose. The count held bad in Smythe v. Dothan Co., 166 Ala. 253, 52 So. 398, is also unlike the ones in the case at bar. The trial court did not err in overruling the demurrer to the complaint.

This suit involves transactions arising under what purport to be three separate contracts or agreements. The first one is of little moment, as there is no claim arising out of it, except perhaps as to the subsequent rejection of staves· accounted for in the original purchase, and settled for, and then reduced or deducted upon subsequent inspections when the staves were being bucked, or after they, or some of them, were bucked and delivered or being delivered. The second contract related to the bucking and delivery of the staves after they had been acquired and inspected by the defendant, and, under this one, it seems that a good part of the controversy arose, and which, to a great extent, grew out of the subsequent culling, inspection, and rejection of some of the staves. The plaintiff contending that, when the staves were first acquired by the defendant and inspected, they then became the defendant's staves, and that they were entitled to compensation for all that

they bucked, whether they came up to the standard or not, and that a subsequent rejection of same should not deprive plaintiff of the price of bucking and hauling, and could not be charged against them as an abatement in part of the original price of same.

[2] The last contract is evinced by a letter of June 30, 1923, and which is unilateral and wanting in mutuality, as there is nothing in it binding or obligating the plaintiffs to do anything—just an agreement of the defendant to take all staves at the price fixed as per classification given within the period fixed. Lucas Moore Stave Co. v. Kennedy, 212 Ala. 193, 101 So. 894. As to this last contract, the plaintiff could not maintain an action on same as for a breach, but was remitted to the common counts as for the price of staves received by defendant from them or taken or converted by the defendant without sufficient compensation.

[3, 4] The plaintiff contends, and there was enough evidence to take the question to the jury, that certain staves were delivered under the last agreement and accepted by the defendant, who allowed them $25 per thousand too little for same, and that defendant subsequently took and hauled a lot of staves belonging to the plaintiffs, and did not give them the proper credit for same, and this fact alone justified the trial court in refusing the general charge for the defendant, regardless of whether or not the plaintiff could have maintained the common counts upon a breach or violation of the second agreement, though we by no means concede that this second contract and the facts in the case are such as would prevent the plaintiffs from maintaining an action upon the common counts as for the price of all staves accepted by defendant and not paid for in full because of a failure to haul and deliver the remaining 7,000 staves, regardless of the case of Martin v. Massie, 127 Ala. 504, 29 So. 31. See Hartsell v. Turner, 196 Ala. 299, 71 So. 658. Nor was the defendant entitled to the general charge because the contract was with one of the Woodleys alone as there was evidence from which the jury could infer that the contracts were with both of them. Neither was the plea of payment proven without dispute.

[5] There is no merit in assignments of error 8, 10, and 12. The charges refused thereunder, whether correctly stating the law or not, pretermit the plaintiffs' right to recover under the third transaction and confine the inquiry to the second or special contract. Though we do not mean to hold that said charges should have been given had the second contract alone been involved. This criticism also applies to assignments 14, 15, 17, and 19.

[6, 7] Charges 24 and 25, refused the defendant, assert no proposition of law, and, if not otherwise faulty, they single out and give undue prominence to a part of the written contract. Moreover, as above stated, this contract was not binding and enforceable except upon common counts as for what the defendant got and should ex eqo et bona pay the plaintiffs. For this last and other reasons, not necessary to mention, there was no error in refusing charges 27, 28, and 30 requested by defendant.

The fallacy of charges 31, 35, and 37, refused the defendant, is sufficiently demonstrated in discussing the other charges.

[8] Whether it was at the time competent for the plaintiff to show what it was worth to haul the staves, it was made so by the subsequent testimony of the defendant's agent and witness, who testified that he had some of the staves hauled and credited the plaintiff with same, less the cost of hauling, and the jury was entitled to be informed whether or not the cost of hauling was fair and reasonable.

[9] There was no error in permitting the witness to show that a shortage in the staves was due to the culling or rejection of Gandy when they were being bucked. One of the issues in the case was whether or not the plaintiffs were to be compensated as per the staves accepted in the rough or original inspection, or after they had been bucked and delivered to the railroad.

[10] There was no reversible error in not permitting the witness to give his opinion or conclusion as to whether or not the checks and tickets did or did not show an indebtedness from the defendant to the plaintiffs. In the first place, they spoke for themselves, and the jury could determine what they showed. Moreover, the defendant got the full benefit of the witness' testimony as to the status of the account from the witness and the ledger sheets.

Finding no reversible error in the record, the judgment of the circuit court must be affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.