(122 So. 315)

## STEWART'S v. REDMOND et al. (5 Div. 18.)

Supreme Court of Alabama. April 18, 1929.

Rehearing Denied May 23, 1929.

Hooton & Moon, of Roanoke, for appellant.

Vann & Parker, of Roanoke, and H. Burns, of Birmingham, for appellees.

GARDNER, J. Suit by appellees against appellant to recover damages for breach of contract in writing for the purchase of eggs.

The question of prime importance on this appeal relates to the action of the trial court in giving for the plaintiffs the affirmative charge duly requested and refusing a like charge requested by defendant.

Under the terms of the contract the plaintiffs were under no obligation to deliver any eggs to defendant, only an agreement on defendant's part to take a certain quantity at a given price. Following the terms of the contract, had no eggs been delivered thereunder by the plaintiffs, defendant could not recover damages against plaintiffs for breach thereof, as no such stipulation was contained in the contract. We are therefore of the opinion the case falls within the influence of those authorities holding such contracts unilateral, wanting in mutuality, and unenforceable for a breach thereof. Lucas E. Moore Stave Co. v. Woodley, 213 Ala. 570, 105 So. 878; Lucas E. Moore Stave Co. v. Kennedy, 212 Ala. 193, 101 So. 894; Vinson v. Little Bear Sawmills, 216 Ala. 441, 113 So. 385; Southern Fuel

366

Co. v. Southern R. Co., 215 Ala. 355, 110 So. 715; Jones v. Lanier, 198 Ala. 363, 73 So. 535; McIntyre Lumber & Export v. Jackson Lumber Co., 165 Ala. 268, 51 So. 767, 138 Am. St. Rep. 66.

It appears from the proof that for some months eggs were delivered and paid for as stipulated in the contract, when defendant informed plaintiffs it would receive no more eggs under the contract and repudiated the same. Counsel insists these facts supply the deficiency of lack of mutuality, citing Moot v. Jackson, 172 Ala. 448, 55 So. 528, and Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763. We think these authorities are here distinguishable and illustrate that in the instant case defendant would be bound to accept at the contract price eggs delivered or tendered before a repudiation of the contract by defendant, but not as authorizing a recovery thereafter as for a breach of an executory contract unenforceable for want of mutuality. American Tie & Timber Co. v. Naylor Lumber Co., 190 Ala. 319, 67 So. 246; 13 C. J. 335, 336.

In Ross v. Morrimac Veneer Co., 129 Miss. 693, 92 So. 823, the Mississippi court rested the question of mutuality largely upon an implied promise, illustrated by our own case of Perfection Mattress Co. v. Dupree, 216 Ala. 303, 113 So. 74; but in the instant case we do not think the doctrine of implied contract is properly to be applied.

We are of the opinion the authorities first above noted are decisive of this appeal contrary to the ruling of the court below, and that there was error in giving the affirmative charge for plaintiffs and refusing a like charge for defendant.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.