140 So. 587

## I. O. DREWREY CONTRACTING CO. v. RAMSEY et al.

### 6 Div. 14.

Supreme Court of Alabama.
Jan. 14, 1932.

Rehearing Denied March 31, 1932.

J. J. Ray and J. B. Powell, both of Jasper, for appellees.

Arthur Fite, of Jasper, for appellant.

**ANDERSON, C. J.**

This case was tried on amended count A being for a breach of a special contract, and count 5, the common count.

It is sufficient to say that the trial court did not commit reversible error in sustaining the demurrer to the defendant's special pleas to the common count 5, as the defense there involved was provable under the general issue. Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823.

As to the special pleas 10 and 11 to the special count A, they each set up a breach or failure of the plaintiffs to perform particular material parts of the contract. In view

466

of the fact that the count has the essential averment of a performance on the plaintiffs' part of the contract, it might be that the breaches set up in special pleas 10 and 11 were available under the general issue, but it affirmatively appears, from the record, that the defendant did not get the benefit of this defense, as there was no proof of the facts set up, yet the trial court refused the defendant's requested charge 8 and the failure of proof in this particular involved a substantive defense not covered by Circuit Court Rule 35. The trial court erred in refusing said charge 8, which went only to count A.

The main question insisted upon by appellant's counsel is that, there being a special contract between the parties, the plaintiff could not recover upon the quantum meruit without showing a compliance with the contract, and reliance is had on our cases, including Martin v. Massie, 127 Ala. 504, 29 So. 31, which seems to be the closest stickler to this rule. This is, of course, the general rule, but there is sometimes a just and equitable exception as brought out in the case of Hartsell v. Turner, 196 Ala. 299, 71 So. 658, and which is to the effect that, while no claim can be founded upon an express contract which has not been fully performed, yet, if the party who has the right to insist upon the full performance of such a contract has voluntarily accepted the benefit of part performance, the modern doctrine, based upon principles of equity and right, holds him liable to pay for the advantage he has thus voluntarily accepted. See, also, Lucas E. Moore Stave Co. v. Woodley, 213 Ala. 570, 105 So. 878. We are of the opinion and so hold that the defendant was liable under count 5 for the value of the coal delivered to it and which was inspected and accepted by its agent, Williams, the value not to exceed the price fixed by the contract.

The trial court did not therefore err in refusing the general charge for the defendant as to the whole case or in any of its rulings upon the theory that the plaintiff could not recover upon count 5 without showing a compliance with the material terms of the contract.

The trial court should have given the defendant's requested charge 12, as it is confined to count A, and hypothesized the issue as to whether or not the plaintiff complied with the terms of the contract as to the quality of the coal. Whether it had been sufficiently covered by the oral charge, or other given written charges, we need not decide, as the case must be reversed for other reasons.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

## Upon Rehearing.

ANDERSON, C. J.

Appellee in brief upon rehearing insist that the question upon which this case was reversed was waived by the defendants. That is, that they declined to accept any further deliveries of the coal because of the inferior quality of same and which in legal effect operated as a waiver of a noncompliance by the plaintiffs with other features of the contract. Whether this would constitute a waiver or not, we need not decide, but, conceding such to be the case, the question was not properly presented by the pleading and was not made an issue in the case. In the first place, pleas 10 and 11 set up a breach on the part of the plaintiffs as to material portions of the contract, and the plaintiff, instead of setting up a waiver by way of replication, had a demurrer improperly sustained to said pleas. On the other hand, if it be conceded that the defense set up was available under the general issue, then the complaint is not based upon a partial performance on the part of the plaintiff and a waiver of other portions, but avers a compliance by the plaintiffs with their part of the contract and which, of course, included all material provisions of same.

The application for rehearing is overruled.