140 So. 442

PIZITZ–SMOLIAN CO–OP. STORES v. MEEKS et al.

7 Div. 88.

Supreme Court of Alabama.

March 10, 1932.

Hood & Murphree, of Gadsden, for appellant.

L. B. Rainey, of Gadsden, for appellees.

140 So. 443
## SMITH–SCHULTZ–HODO REALTY CO. v. HENLEY–SPURGEON REALTY CO.

6 Div. 882.

Supreme Court of Alabama.
March 10, 1932.

GARDNER, J.

■ The only question here presented in argument relates to the validity and binding effect of the contract appearing in the report of the case. The rulings of the trial court indicate the view that this contract was unilateral, wanting in mutuality, and unenforceable for a breach thereof. We are in accord with this view. Stewart's v. Redmond, 219 Ala. 365, 122 So. 315, and authorities therein cited; 13 Corpus Juris, 339–342.

The last clause of plaintiff's proposal makes it clear that what amount of space it took, or whether any at all, was left entirely to its discretion. Certainly plaintiff was not obligated to take the fifteen thousand inches for the concluding sentence demonstrates otherwise, and, if obligated to take any, then the question arises how much was it to take. The answer is whatever amount it chose. Illustrative are the cases holding that a contract "to sell personal property is void for want of mutuality if the quantity to be delivered is conditioned entirely on the will, wish or want of the buyer." 13 Corpus Juris, 339; Vinson v. Little Bear Sawmills, 216 Ala. 441, 113 So. 385.

■■ We recognize, as insisted by appellant, the rule that courts lean against the destruction of contracts for uncertainty (McIntyre Lumber Co. v. Jackson Lumber Co., 165 Ala. 268, 51 So. 767, 138 Am. St. Rep. 66); but, as observed in Jones v. Lanier, 198 Ala. 363, 73 So. 535, 536, the courts "cannot set up a contract for the parties." "Mutuality of obligation is an essential element of every enforceable agreement." 13 Corpus Juris 331.

Our conclusion is that plaintiff entered into no binding obligation, and that, the contract being unilateral, and wanting in mutuality, is unenforceable for its breach.

We find no reversible error. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.