200 So. 869

### HUNTER v. BROWN–SERVICE FUNERAL CO.

5 Div. 338.

Supreme Court of Alabama.

Feb. 20, 1941.

Rehearing Denied March 27, 1941.

Paul J. Hooton, of Roanoke, for appellant.

E. B. Parker, of Roanoke, and Coleman D. Shepherd, of Birmingham, for appellee.

THOMAS, Justice.

The assignment of errors challenges the action of the court in rendering judgment against the plaintiff on an alleged contract as a funeral benefit for a policyholder. The trial was had before the court without a jury on an agreed statement of facts and on documentary evidence.

The amended complaint, the salient portions of the agreed statement of facts (carrying the correspondence of the respective parties and paragraphs 7 and 8 thereof) and pertinent parts of exhibit B, as indicated, will be set out by the reporter.

The contract between the original parties had been cancelled, in accordance with the written terms thereof, viz:

"It is further understood and agreed that this contract may be terminated by either party on giving 30 days written notice to the other party, and that the contract shall remain in full force and effect until and unless such written notice shall be given.

"In Witness Whereof the party of the first part has caused its name to be subscribed hereto by E. L. Field, as its Secretary, and the party of the second part, R. B. Quattlebaum and J. S. Hunter have hereunto set their names, both as individuals and as Quattlebaum & Company, in duplicate on this the day and year first above written."

Therefore, no recovery could be had for services rendered the third party in question. The appellee had no recourse against appellant, the latter on account of the contract wanting in mutuality, as it then was, and which cannot be enforced against appellee. Stewart's v. Redmond et al., 219 Ala. 365, 122 So. 315.

All that is promised the insured is that the company, appellee, will furnish the merchandise and services promised either itself, or through its authorized undertaker (the undertaker who happens to be authorized as the one to represent the company at the death of the insured). All appellee's service contracts with undertakers must provide for termination by appellee upon reasonable notice. Appellant's contract of August 18, 1933, so provided and was terminated in accordance with such provisions, and in addition, appellant himself had abandoned said contract and made no claim that it still existed. The policy itself discloses that only an authorized undertaker of appellee could furnish the funeral merchandise and service called for in the policy, which means the undertaker who is appellee's "authorized undertaker" at the time of performance by appellee, which is the death of insured. Paragraph 4 of the policy reads, as follows:

"The casket may be selected from stock of Company's undertakers by the person named in the policy, or by any other person having the authority. The Brown-Service Insurance Company, Inc., or its authorized undertakers will handle all the details of the burial of deceased policyholders from their own parlors or home of deceased. But no expense incurred by other undertaker, or funeral director, embalmer or other persons is to be paid by this Company."

Appellant had actual knowledge of this provision of the policy and the policyholder is presumed by law to have known of it. For these reasons, appellant cannot complain because appellee inadvertently failed to remove his name as an undertaker who might be called. The change of the undertaker was in accordance with the contract.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.