207 So.2d 416

**UNITED BUTANE SALES, INC.**

v.

**BESSEMER–SUBURBAN GAS CO., Inc.,
et al.**

**6 Div. 409.**

Supreme Court of Alabama.

Jan. 11, 1968.

Rehearing Denied March 7, 1968.

Norman K. Brown, Bessemer, for appellant.

Huey, Stone & Patton, Bessemer, and Huie, Fernambucq & Stewart, Birmingham, for appellees.

HARWOOD, Justice.

Suit below was upon an alleged contract. The complaint consisted of one count, and the purported contract was attached to and made a part of the complaint. The defendant's demurrer to the complaint being sustained, the plaintiffs took a nonsuit with leave to appeal, and the cause was dismissed.

The alleged contract sued upon was between the plaintiff, as seller, and the defendant, as buyer, relative to the sale of butane and propane gas. In parts pertinent to this review, the purported contract reads:

"Buyer agrees to purchase all Butane and Propane gas for the above listed points exclusively from United, it's successors and assigns. However, it is understood and agreed that United, it's successors and assigns, shall not be obligated to furnish buyer in any one Winter calendar month, October through February, more than one and one-half (1½) times the average monthly quantities purchased by Buyer from United during the preceding summer months, March through September. It is further understood and agreed that in the event United should have to pay a premium price for products during these Winter months that Buyer shall pay to United the same amount of increase over contract delivered price as United has to pay over market price for said products which are in excess of said guaranteed on one and one-half (1½) to one (1) ratio."

Paragraph 2 of the contract concerns the delivered prices of the gas in Bessemer, Columbiana, and Pell City.

Paragraph 3 provides that the contract shall be in effect from 20 February 1960 to 28 February 1963, and thereafter for suc-

ceeding periods of one year, with termination rights in either party on ninety days' notice prior to termination of any of the periods.

Paragraph 13 reads:

"This contract comprises the entire agreement between United and Buyer and there are no agreements, understandings, conditions, either oral or written, expressed or implied concerning the subject matter or in consideration hereof that are not merged herein or superseded hereby, except that it is hereby expressly understood and agreed that Buyer shall hold United free against any claim of Phillips Petroleum Company or any other person or concern, to any title, mortgage, or incumbrance whatsoever, with respect to a 7200 water gallon Propane Beaird tank trailer, manufacture serial # 55223."

Among the 149 grounds on which the demurrer is based are several asserting that the contract, which as before stated is made a part of the complaint, is void as lacking in mutuality. These grounds are well taken.

Nowhere in the purported agreement is the plaintiff-seller bound, or under any legal duty to sell to the defendant buyer gas in any quantity. No enforceable right redounds to the buyer should the seller refuse to sell gas to it.

It would also appear that the buyer is not obligated to purchase any gas if it should be so inclined.

■ The document sued upon is completely illusory, merely a "tinkling cymbal," conferring no legal enforceable rights upon either party. Such a contract is void, and of course unenforceable. Stewart's v. Redmond et al., 219 Ala. 365, 122 So. 315; Lucas E. Moore Stave Co. v. Woodley et al., 213 Ala. 570, 105 So. 878; Miller v. Thomason, 229 Ala. 267, 156 So. 773; Cosby-Hodges Milling Co. v. Riley, 227 Ala. 347, 149 So. 612.

■ It is to be noted that in the complaint it has been averred:

"Plaintiff says that by the express, as well as implied, terms of said written agreement and by the valid customs and usages concerning the subject matter of the contract, of which both buyer and seller had full knowledge and well understood and were chargeable at the time of the execution thereof, said agreement, as was intended by the parties thereto, imports an obligation on the part of United to sell and on the part of Bessemer Gas and Automatic Gas to purchase all butane and propane gas for above listed points exclusively from United, its successors and assigns."

Clearly the document does not by express terms impose any enforceable rights. Able counsel for the plaintiff has, however, sought to enliven an otherwise dead instrument by breathing life into it by implying terms therein through custom and usage of the butane gas business. Counsel for the defendant below, appellee here, questions the sufficiency of the averment of custom and usage. We pretermit consideration of this contention as paragraph 13 of the document, set out above, forbids resort to anything other than the four corners of the document.

Numerous other points are argued pro and con by respective counsel. Since we consider the point to which we have written decisive of this appeal, no useful purpose would be served by a discussion of these points.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.