[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13313

Non-Argument Calendar

_____

ALABAMA SPACE SCIENCE EXHIBIT COMMISSION,
d.b.a. U.S. Space & Rocket Center,

> Plaintiff-Counter Defendant-
> Third-Party Defendant-Appellant,

*versus*

MARKEL AMERICAN INSURANCE COMPANY,

> Defendant-Counter Claimant-
> Third-Party Plaintiff-Appellee,

DEBORAH BARNHART, et al.,

> Counter Defendants-Third-Party Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:19-cv-00594-LCB

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Alabama Space Science Exhibit Commission (ASSEC) entered into an agreement to produce a children's television show with funding from NASA. When the funding never came through, an arbitration panel found ASSEC liable for breaching the agreement. ASSEC then sued Markel American Insurance Company, which had agreed to provide coverage for liability unless it resulted from a breach of contract. The question before us, then, is whether Markel's insurance policy covers ASSEC's losses.

It does not. The insurance policy at issue excludes liability "under a written or express contract or agreement," and ASSEC's liability flows solely from its breach of such an agreement. Because ASSEC's arguments to the contrary do not alter the plain meaning of the insurance contract, we affirm.

I.

In 2016 ASSEC signed a Memorandum of Agreement with Space Race, LLC to produce a children's television show called

*Space Racers*.[1]  The two companies promised to "work together to promote" the series and to "collaborate on all press, public relations, events and activities."   Most importantly, ASSEC promised to fund the project—a commitment of over $4 million— provided that it received a NASA grant for that purpose.  Around the same time, ASSEC entered a "Cooperative Agreement" with NASA, which pledged $4.5 million to the project to be disbursed over three years.

*Space Racers* enjoyed a successful launch.  But by 2018, ASSEC had stopped providing the promised funding.  So Space Race filed an arbitration demand against ASSEC pursuant to the Memorandum's terms, alleging "a straightforward breach of contract—the refusal to fund by [ASSEC] in contravention of the parties' Agreement and in violation of the duty of good faith and fair dealing inherent in every contract."   In Space Race's view, ASSEC had created a "false pretext to prevent NASA, a willing funder, from funding," and had therefore violated the terms of the Memorandum.

ASSEC promptly notified its insurer, Markel, about the arbitration complaint.  ASSEC had taken out a "Directors and Officers" insurance policy ensuring that Markel would pay "all Loss which [ASSEC] becomes legally obligated to pay on account of any Claim"—including an arbitration claim—"for a Wrongful

---

[1] In the Memorandum of Agreement and elsewhere, ASSEC is sometimes referred to as "U.S. Space & Rocket Center" or "USSRC."

Act." "Wrongful acts" generally included any "actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty" committed by ASSEC. But there were exceptions. As relevant here, the policy clearly stated that Markel would not be liable to "pay any Loss on account of," and would "not be obligated to defend," a claim for "any actual or alleged liability of [ASSEC] under any written or express contract or agreement, except to the extent that [ASSEC] would have been liable in the absence of such contract or agreement."

Markel refused to defend and indemnify ASSEC against Space Race's claims. In its view, the breach-of-contract exclusion put the claims squarely outside ASSEC's insurance policy. Because "all liability alleged against" ASSEC was "for breach of the parties' Agreement," Markel explained, the policy provided no coverage.

Nine months later, ASSEC received more bad news. After a four-day hearing, the arbitration panel concluded that ASSEC had "materially breached" its obligations under the Memorandum and the Cooperative Agreement with NASA. The panel ordered ASSEC to pay the rest of the amount promised in the Memorandum—over $1.3 million, plus interest.

ASSEC sued Markel, alleging breaches of the duties to defend and indemnify and bad faith. The district court granted summary judgment for Markel. Like the arbitration panel, it found that Space Race's arbitration claims alleged no "wrongful acts" beyond a breach of the Memorandum, meaning that there was no coverage under the policy. ASSEC now appeals.

## II.

We review a district court's grant of summary judgment de novo, "viewing all facts and drawing all inferences in the light most favorable to the nonmoving party." *Pelaez v. Gov't Emps. Ins. Co.*, 13 F.4th 1243, 1249 (11th Cir. 2021) (quotation omitted). Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

ASSEC argues that the insurance policy requires Markel to defend and indemnify it against Space Race's claims. We are not persuaded. The plain language of the policy and the nature of the arbitration claims make clear that the breach-of-contract exclusion applies to those claims. Because Markel thus had no duty to defend or indemnify ASSEC, we affirm the district court's grant of summary judgment.

The text of the insurance policy is not in dispute. As explained above, the policy covered liability incurred by ASSEC for claims brought against it for "wrongful acts," subject to an exception "[f]or any actual or alleged liability of [ASSEC] under any written or express contract or agreement, except to the extent that [ASSEC] would have been liable in the absence of such contract or agreement." The question, then, is whether Space Race brought any claim based on a "wrongful act" that was not "under any

6                    Opinion of the Court                    21-13313

written or express contract or agreement." Unless it did so, the policy provides no coverage.

Space Race brought three claims against ASSEC in its arbitration action. Each of these claims asserts liability based on ASSEC's failure to honor its Memorandum of Agreement with Space Race; none of them alleges bad acts independent of that agreement. The first cause of action is an explicit claim for breach of contract. The second is a request, in the alternative, for "a declaratory judgment that [ASSEC] owes Space Race $1.5 million *under the Agreement*, plus interest." (Emphasis added.) And the third is a claim sounding in quantum meruit, or implied contract, for the same alleged failure to adhere to the agreement. On its face, then, the arbitration complaint alleges just what it purports to allege: "a straightforward breach of contract."

ASSEC's counterarguments do not convince us otherwise. ASSEC first attacks the scope of the breach-of-contract exclusion in the insurance policy. Under Alabama law (which the parties agree governs), insurance contracts are "construed liberally in favor of the insured and strictly against the insurer," in order to "provide maximum coverage for the insured." *Allstate Ins. Co. v. Skelton*, 675 So. 2d 377, 379 (Ala. 1996). ASSEC explains that in the insurance policy at issue, other exclusions apply to claims "based upon, arising out of or in any way involving" certain circumstances. But the breach-of-contract exclusion does not use such expansive language. According to ASSEC, this difference in wording shows that "the Breach of Contract Exclusion was

intended to be narrow." And because of that, it says, Space Race's claims should not fit within it.

The trouble with this argument is that even when narrowly construed, the plain language of the breach-of-contract exclusion still applies to Space Race's claims. Space Race alleged a breach of the Memorandum of Agreement (and, in the alternative, two other claims based on the same behavior). The *only* basis for its allegations that ASSEC owed it $1.5 million was a "written or express contract or agreement," as explicitly contemplated by the exclusion.

ASSEC disagrees. In its view, the "plethora of allegations of wrongdoing in the Statement of Claim suggest potential liability for torts such as negligence, misrepresentation, breach of fiduciary duty, and wantonness." But a passing reference in a complaint, especially when placed in the introduction rather than the "Facts" section (as much of the language quoted by ASSEC was), does not by itself generate an independent cause of action. The district court correctly explained that while no precedent suggests that "statements in the introduction of a complaint can put an insurer on notice for a claim of a wrongful act triggering a duty to defend, courts have found no claim to exist where a plaintiff state[d] various acts and violations of law in the introduction of her complaint but failed to flesh those assertions out in its body and into a fully formed count." *See, e.g.*, *Bracewell v. Patrick*, No. 1:10–cv–992–MEF, 2011 WL 1431521, at *3 (M.D. Ala. Apr. 14, 2011).

ASSEC does not explain how the arbitration complaint might encompass another cause of action (one for negligence or misrepresentation, for example). Instead, it seems to suggest that the *court* has the obligation to diligently identify "any potential for coverage arising out of the allegations" and fill in any gaps left by the complaint. But ASSEC offers no binding legal support for this proposition, and we find none ourselves. While Alabama law requires that insurance contracts be liberally construed, we do not interpret that principle to require courts to rewrite complaints to trigger coverage.

ASSEC next argues that Space Race not only alleged a breach of the Memorandum, but also a breach of the implied duty of good faith and fair dealing—a breach creating "liability that could be imposed independent of the contract." This argument fails immediately because, as a leading treatise succinctly explains, "[v]iolation of the duty of good faith and fair dealing constitutes a breach of contract." *Williston on Contracts* § 63:22 (4th ed.). And Alabama law has long held that a "mere failure to perform" a "contract-obligation is not a tort, and it furnishes no foundation for an action on the case." *Bentley-Beale, Inc. v. Wesson Oil & Snowdrift Sales Co.*, 165 So. 830, 832 (Ala. 1936). While Space Race alleged a breach of an implied contractual duty, that does not constitute a "wrongful act" independent of a breach of contract.

Finally, ASSEC argues that Space Race's quantum meruit claim is based on a wrongful act rather than breach of contract. But as the district court explained, when "an express contract exists, an

argument based on a quantum meruit recovery in regard to an implied contract fails" as a matter of Alabama law. *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (quotation omitted). Furthermore, Space Race's quantum meruit claim alleged that ASSEC "knowingly induced Space Race to render cobranding services for [ASSEC] while agreeing to reimburse Space Race for its submitted invoices," that ASSEC gave "promises and assurances" to work with Space Race, and that ASSEC "willingly accepted the benefits of Space Race's services on the understanding that Space Race would be reimbursed for its submitted invoices." The entire basis for the quantum meruit claim was ASSEC's failure to perform under the Memorandum of Agreement. That claim is thus not based on an independent wrongful act.

⋆　　⋆　　⋆

We **AFFIRM** the district court's grant of summary judgment.